Filed 6/22/26  P. v. Similla CA4/1
NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL SIMILLA,<br><br>    Defendant and Appellant. | D085486<br><br><br><br>(Super. Ct. No. SCD303258) |


APPEAL from judgment of the Superior Court of San Diego County, Rachel Cano, Judge.  Affirmed.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Michael Similla appeals from his assault conviction.  His appointed appellate counsel filed an opening brief raising no arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.  Similla did not file supplemental briefing on his own behalf.

Our independent review confirms there are no arguable issues on appeal.  We therefore affirm the conviction.

FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2024, police officers arrested Similla for assaulting a security guard with a knife.  On May 6, 2024, Similla pleaded guilty to assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).  The trial court suspended imposition of Similla's sentence and granted him two years' formal probation.  The terms of Similla's probation required, among other things, that he report to the probation department within 72 hours of his release from custody and that he obey all laws and not possess any weapons.

On August 16, 2024, in response to a probation department report that Similla failed to report after being released from custody, the trial court summarily revoked probation and issued a bench warrant for Similla's arrest.

On October 10, 2024, the San Diego County District Attorney's Office filed a complaint against Similla in a separate case (case No. CD305153) alleging one count of making a criminal threat.  That complaint notified Similla of its dual purposes, which were to obtain (1) a holding order for the new case and (2) revocation of Similla's probation utilizing the evidence presented at the preliminary hearing in case number CD305153.  That same day, the trial court issued order to show cause on the probation violation to be heard with case number CD305153.

On October 23, 2024, the trial court conducted the preliminary hearing in case number CD305153 in conjunction with the probation revocation

hearing.[1]  After hearing testimony that Similla pointed two knives at a victim and threatened to kill her, the trial court held Similla to answer for trial in case number CD305153.  Based on that same evidence, the trial court formally revoked Similla's probation.

On November 20, 2024, the trial court sentenced Similla to three years in prison for his assault conviction in this case.  Similla timely appealed.  Similla requested a certificate of probable cause, which the trial court denied.  Pursuant to that ruling, this court held that the issues in this appeal are limited to matters occurring after Simila's guilty plea that do not involve prior strike convictions and the stipulated sentence, other than as set forth in Penal Code section 1016.8.

Similla's appointed appellate counsel filed an opening brief raising no issues and asking us to review the record for error under *Wende* and *Anders*.  Counsel identified one potential issue to assist us in our independent review: whether the trial court erred in overruling Similla's inadequate notice objection prior to the parole revocation hearing.  Similla has not filed supplemental briefing despite his counsel and this court informing him of his right to do so.

DISCUSSION

We have reviewed the entire record as required by *Wende* and *Anders*, and we considered the issue identified by Similla's counsel.  We find no arguable issue that would result in a reversal or modification of the judgment.  We therefore affirm the judgment. Competent counsel represented Similla in this appeal.

---

[1]  Similla's request that we augment the record to include the complaint and any amendments from case number CD305153 and the reporter's transcript from the October 23, 2024 hearing is granted.

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:

KELETY, Acting P. J.

CASTILLO, J.